IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RUSSELL WERLEY,
    Petitioner,

vs.                                  Case No.:  4:04cv518/MMP/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The filing fee has been paid.  Respondent filed an answer seeking dismissal of the petition on the ground that it is untimely (Doc. 11), and Petitioner filed a response to the answer (Doc. 29).

      This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

      Petitioner does not dispute Respondent's recitation of the procedural history of this case. Following a jury trial, Petitioner was convicted in the Circuit Court for Leon County, Florida, of aggravated battery with a deadly weapon (Doc. 1 at 1; Doc. 11 at 2).  He was sentenced to fifteen (15) years of incarceration (Doc. 1 at 1).  Petitioner appealed his judgment of conviction and sentence to the Florida First District Court of Appeal (First DCA).  The appellate court affirmed the conviction and sentence in a written opinion issued on April 16, 2002, and denied Petitioner's

---

[1] James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

motion for rehearing on May 21, 2002 (Doc. 11, Ex. A).  Werley v. State, 814 So.2d 1159 (Fla. 1st DCA Apr. 16, 2002) (Table).  The mandate issued July 23, 2002 (Doc. 1 at 2).  *See* www.1dca.org, online docket for Case Number 1D01-1135.

On February 24, 2004, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, raising several grounds of ineffective assistance of counsel (Doc. 11, Ex. B).[2]  The trial court denied the motion on March 19, 2004, and Petitioner appealed the decision to the (First DCA) (*see* Doc. 11, Ex. C, Motion for Postconviction Relief at 3).  The appellate court affirmed per curiam on October 20, 2004, and denied Petitioner's motion for rehearing on December 2, 2004.  Werley v. State, 888 So.2d 26 (Fla. 1st DCA Oct. 20, 2004) (Table); *see also* www.1dca.org, online docket for Case Number 1D04-1571.

Petitioner filed a second Rule 3.850 motion on September 23, 2004, challenging his sentence on the ground that it violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 402 (2004) (Doc. 11, Ex. C).  The trial court denied the motion on October 26, 2004 (*id.*).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed on June 7, 2005.  Werley v. State, 903 So.2d 942 (Fla. 1st DCA June 7, 2005) (Table).

Petitioner filed the instant federal habeas action on December 27, 2004, while the appeal of his second Rule 3.850 motion was pending (Doc. 1 at 6).  In the instant petition, Petitioner raises six grounds of ineffective assistance of trial counsel; he does not raise any claims of Blakely error.

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] In his federal petition, Petitioner states he filed his Rule 3.850 motion on February 24, 2003 (*see* Doc. 1 at 2); however, the state court record submitted by Respondent shows that the motion was filed on February 24, 2004 (*see* Doc. 11, Ex. B), and Petitioner concedes this filing date in his reply to Respondent's answer (*see* Doc. 29 at 3).

Case No.: 4:04cv518/MMP/EMT

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner asserts that a government-created impediment to his filing existed, namely, his ignorance of the law, his having to rely on inmate legal assistants, and the inadequacy of the law library at River Junction Work Camp (Doc. 29 at 2-3). Petitioner states that he has been housed at his present location, the River Junction Work Camp, since 2001, prior to when his conviction became final (*id.* at 2). He states that the work camp provides inmates access to an "inter-library loan system" from when he is able to access legal materials, besides the state law materials that are available at the work camp, but the system requires him to precisely cite a particular rule, case, or statute (*id.*). He also states he has had access to inmates who assist other inmates in filing legal materials, but he describes the inmate assistants as "writ writing wolves" who demand a price for assisting literate inmates, such as himself, with legal work (*id.*).

Initially, Petitioner's own ignorance of the law does not constitute a State-created impediment. Additionally, the Eleventh Circuit has held that to establish a government-created impediment based upon inadequate access to a law library, the inmate must show that the inadequacy caused "an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). In the instant case, Petitioner does not explain why he was able to file his federal petition from the work camp in 2004, but was unable to file it sooner within the limitations period. Notably, he does not allege that his late filing was due to an inadequacy in the library system or, if the library system was inadequate, when he found out about the alleged deficiency. Furthermore, Petitioner does not state any independent efforts he made to determine when the federal limitations period

began to run or demonstrate how the prison thwarted his efforts. Therefore, Petitioner has failed to demonstrate that the appropriate statutory trigger for the federal limitations period is section 2244(d)(1)(B). Additionally, Petitioner does not allege that his claims are based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or that he could not have discovered the factual predicate of his claims prior to when his conviction became final; therefore, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final.[3] *See* 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became "final" for purposes of section 2244 when the ninety-day period in which to seek certiorari from the United States Supreme Court expired. *See* Bond, 309 F.3d at 774 (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002). Because the date of the First DCA's order denying Petitioner's motion for rehearing was May 21, 2002, Petitioner's judgment of conviction became "final" for purposes of section 2244 on August 19, 2002, ninety days later. Accordingly, the federal limitations period expired on August 19, 2003.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that five hundred twenty-two (522) days elapsed from August 19, 2002, the date Petitioner's conviction became final, to February 24, 2004, the date he filed his first post-conviction motion. Thus, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired. As Petitioner's Rule 3.850 motion was filed after expiration of the federal limitations period, that motion did not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

---

[3]Petitioner argues that the limitations period does not begin to run until the decisions on his state post-conviction motions became final (*see* Doc. 29 at 6-8). However, the courts have made clear that the judgment referred to in section 2244(d)(1)(A) is the judgment of conviction, not the judgment disposing of post-conviction applications. *See* Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002).

Case No.: 4:04cv518/MMP/EMT

To the extent Petitioner contends he is entitled to equitable tolling of the limitations period due to his ignorance of the law, his having to rely on inmate legal assistants, and his lack of access to an adequate law library, he has failed to demonstrate his entitlement to tolling.  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).  However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*).  "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing."  Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314-15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted on other grounds*, --- U.S. ---, 126 S. Ct. 1625, 164 L. Ed. 2d 332 (2006) (Mem)).  The burden of establishing entitlement to this extraordinary remedy rests with Petitioner.  Wade, *supra*; Drew, *supra*.

Petitioner's allegations of ignorance of the law and having to rely on inmate legal assistants do not constitute extraordinary circumstances.  Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.") (citing Henderson v. Johnson, 1 F. Supp. 2d 650, 656 (N.D. Tex.1998) and Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 & n.1 (E.D. Va.1999) (petitioner's claim that the delay in filing the petition resulted from his seeking legal assistance would neither establish

excusable neglect, so as to warrant an enlargement of time to file the petition, or support the equitable tolling of the statute of limitations)). Moreover, an allegedly inadequate law library does not establish extraordinary circumstances warranting equitable tolling of the limitations period. Felder v. Johnson, 204 F.3d 168 (11th Cir. 2000); *see also* Marsh, 223 F.3d at 1220.

Furthermore, Petitioner has failed to show he made diligent efforts to timely file his federal petition.

> To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition. He must show 'when he found out about the library's alleged deficiency,' must 'state any independent efforts he made to determine when the relevant limitations period began to run,' and must demonstrate how the prison 'thwarted his efforts.' Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.

Arthur, *supra* (quoting Helton, 259 F.3d at 1314). In the instant case, Petitioner does not allege that the prison law clerks or the law library were inadequate resources for determining that a federal limitations period existed and when the limitations period began to run. Furthermore, he does not provide any specifics on independent efforts he made to determine when the federal limitations period began to run or to file his federal petition on time. *Cf.* Helton, 259 F.3d at 1314 ("Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts. Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate.") Therefore, equitable tolling is not warranted in this case.

As the Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling of the limitations period, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James Crosby as Respondent.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

At Pensacola this 18th day of October 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 4:04cv518/MMP/EMT